UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS D. VANANTWERP,<br><br>              Plaintiff,<br><br>   v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>              Defendant. | Case No. CV 12-02253-JEM<br><br>MEMORANDUM OPINION AND ORDER REVERSING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY AND REMANDING FOR FURTHER PROCEEDINGS |

**PROCEEDINGS**

On March 23, 2012, Nicholas D. Vanantwerp ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's applications for Social Security Disability Insurance benefits and Supplemental Security Income benefits. On April 27, 2012, Plaintiff filed a First Amended Complaint. The Commissioner filed an Answer to the First Amended Complaint on July 11, 2012. On October 9, 2012, the parties filed a Joint Stipulation ("JS"). The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court

concludes that the Commissioner's decision must be reversed and this case remanded for further proceedings in accordance with this Memorandum Opinion and Order and with law.

## BACKGROUND

Plaintiff is a 45 year old male who applied for Social Security Disability Insurance benefits and Supplemental Security Income benefits on January 8, 2008, alleging disability beginning January 30, 2007. (AR 37.) Plaintiff has not engaged in substantial gainful activity since January 30, 2007, the alleged onset date. (AR 39-40.)

Plaintiff's claims were denied initially on January 3, 2008 and on reconsideration on September 29, 2008. (AR 37.) Plaintiff filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") Elizabeth R. Lishner on November 4, 2009, in West Los Angeles, California. (AR 37) Claimant appeared at the hearing and testified. (AR 37.) Plaintiff was represented by counsel. (AR 37.) Vocational expert ("VE") Edward L. Bennett also appeared telephonically and testified at the hearing. (AR 37.)

The ALJ issued an unfavorable decision on November 18, 2009. (AR 37-52.) The Appeals Council denied review on November 23, 2011. (AR 7-12.)

## DISPUTED ISSUES

As reflected in the Joint Stipulation, Plaintiff raises only one disputed issue as a ground for reversal and remand:

1. Whether the ALJ carried the Commissioner's burden at step 5 of the sequential analysis.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v.

Perales, 402 U.S. 389, 401 (1971)).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence.  Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006).  Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld.  Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'"  Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

**THE SEQUENTIAL EVALUATION**

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Commissioner has established a five-step sequential process to determine whether a claimant is disabled.  20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity.  Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007).  If the claimant is engaging in substantial gainful activity, disability benefits will be denied.  Bowen v. Yuckert, 482 U.S. 137, 140 (1987).  Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments.  Parra, 481 F.3d at 746.  An impairment is not severe if it does not significantly limit the claimant's ability to work.  Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996).  Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations.  Parra, 481 F.3d at 746.  If the impediment meets or equals one of the listed impairments, the claimant is presumptively disabled.  Bowen v. Yuckert, 482 U.S. at 141.  Fourth, the ALJ must determine

whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001). Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC").[1] 20 C.F.R. § 416.920(e). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p. If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000).

The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

## THE ALJ DECISION

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since January 30, 2007, the alleged onset date. (AR 39-40.)

At step two, the ALJ determined that Plaintiff has the following combination of medically determinable severe impairments: polysubstance abuse, bipolar disorder and degenerative

---

[1] Residual functional capacity ("RFC") is what one "can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

4

disease of the cervical spine. (AR 40-42.) The ALJ also determined that Plaintiff's impairments, including the substance abuse disorders, meet Sections 12.04 and 12.09 of 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d) and 416.920(d)). (AR 42-44.) Additionally, the ALJ determined that, if Plaintiff stopped the substance abuse, the remaining limitations would cause more than a minimal impact on Plaintiff's ability to perform basic work activities; therefore, Plaintiff would continue to have a severe impairment or combination of impairments. (AR 44.)

At step three, the ALJ determined that, if Plaintiff stopped the substance abuse, Plaintiff would not have an impairment or combination of impairments that meets or medically equals any of the impairments listed in 20 C.F.R, Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d) and 416.920(d)). (AR 44-46.)

The ALJ then found that, if Plaintiff stopped the substance abuse, Plaintiff would have the RFC to perform medium work as defined in 20 C.F.R. §§ 404.1567(c) and 416.967(c) except that the overhead lifting with the left upper extremity is limited to frequent, and left hand fingering or handling or reaching also would be limited to occasionally. (AR 46-50.) In determining this RFC, the ALJ also made an adverse credibility determination which is not challenged here. (AR 48-49.)

At step four, the ALJ found that, if Plaintiff stopped the substance abuse, Plaintiff would be unable to perform past relevant work as a fry cook/chef, construction worker and truck driver. (AR 50-51.)

At step five, the ALJ found that, if Plaintiff stopped the substance abuse, considering Plaintiff's age, education, work experience and RFC, there would be a significant number of jobs in the national economy that Plaintiff could perform, including school bus monitor, barker and host-hostess. (AR 51-52.)

Consequently, the ALJ concluded that Claimant is not disabled within the meaning of the Social Security Act. (AR 52.)

**DISCUSSION**

The ALJ decision must be reversed. The ALJ did not follow applicable Social Security Rulings and established Ninth Circuit case authority that required her to obtain the testimony of a vocational expert at step five of the sequential process in cases like this where the Medical-Vocational Guidelines are not determinative. Consequently, the ALJ's step five determination that there are a significant number of jobs in the national economy that Plaintiff can perform is unsupported by substantial evidence. Thus, the ALJ's non-disability decision is not supported by substantial evidence nor free of legal error.

### A. Relevant Federal Law

The claimant bears the burden of proving steps one through four of the sequential process, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant can perform some other work that exists in "significant numbers" in the national economy, taking into account the claimant's residual functional capacity, age, education, and work experience. Tackett v. Apfel, 180 F.3d 1094, 1099-1100 (9th Cir. 1999). There are two ways to do so: (1) by taking the testimony of a vocational expert or (2) by reference to the Medical-Vocational Guidelines, commonly known as the "grids," at 20 C.F.R. Part 404, Subpart P. App. 2. Id. at 1099, 1101.

The Guidelines were promulgated in 1978. See generally Heckler v. Brown, 461 U.S. 458, 460 (1983) (upholding the Guidelines). They provide a system "for disposing of cases that involve substantially uniform levels of impairment." Desrosiers v. Sec'y of Health & Human Services, 846 F.2d 573, 578 (9th Cir. 1988) (Pregerson, J., concurring). The grids correlate a claimant's age, education, previous work experience, and RFC to direct a finding of disabled or not disabled, without the need of testimony from vocational experts. Cooper v. Sullivan, 880 F.2d 1152, 1155 (9th Cir. 1988); Heckler, 461 U.S. at 461. The grids, however, only apply "where they completely and accurately represent a claimant's limitations." Tackett, 180 F.3d at 1101 (emphasis in original); see also Heckler, 461 U.S. at 462 n.5.

The Guidelines present in table form a shorthand method for determining the availability and number of suitable jobs for a claimant. Tackett, 180 F.3d at 1101. The grids categorize jobs by three physical "exertional" levels, consisting of sedentary, light and medium work. Id. These exertional levels are further divided by the claimant's age, education and work experience. Id. The grids direct a finding of disabled or not disabled based on the number of jobs in the national economy in the appropriate exertional category. Id. A claimant must be able to perform the full range of jobs in an exertional category for the grids to apply. Id.

An ALJ must apply the grids if a claimant suffers only from an exertional impairment. Cooper, 880 F.2d at 1155. The grids direct a ruling of disabled or not disabled. Id. If the grids direct a finding of disabled, the ALJ is bound by that result. Id. at 1157.

The Ninth Circuit recognizes that nonexertional limitations may make the grids inapplicable. Tackett, 180 F.3d at 1101-1102. Nonexertional limitations are non-strength related limitations that include mental, postural, manipulative, sensory, or environmental limitations. Cooper, 880 F.2d at 1155 n.7.

In cases involving both exertional and nonexertional limitations, the grids are consulted first to determine whether a finding of disabled can be based on exertional limitations alone. Id. at 1155. If so, the grids direct a finding of disability which the Commissioner must accept. Id. at 1157.

If not, the ALJ must use the grids as a framework for consideration of how much the nonexertional limitations limit the range of work permitted by the exertional limitations. Tackett, 180 F.3d at 1102. A nonexertional impairment, if significant, may limit the claimant's functional capacity in ways not contemplated by the Guidelines. Id. In such instances, the ALJ may not rely on the grids alone for the availability of jobs but must obtain the testimony of a vocational expert. Id.; Thomas v. Barnhart, 278 F.3d 947, 960 (9th Cir. 2002); Moore, 216 F.3d at 869-71.

These rules for determining how the ALJ can meet the Commissioner's step five burden also are set forth in Social Security Rulings 83-12 and 83-14 cited by the ALJ. (AR 51.)

**B.     The ALJ Decision**

In this case, the ALJ determined that Plaintiff would be unable to perform his past relevant work, even if he stopped his substance abuse. (AR 50.) Thus, the Commissioner bears the burden at step five of the sequential process to demonstrate that there are a significant number of jobs in the national economy that Plaintiff can perform.

The ALJ's RFC determined that Plaintiff could not perform the full range of medium work because of nonexertional limitations, namely that "overhead lifting with the left upper extremity is limited to frequent" and "left hand fingering or handling or reaching would also be limited to occasionally." (AR 46.) Thus, the ALJ could not and did not rely on the grids for a directed conclusion of "disabled" or "not disabled." (AR 51.) The ALJ therefore used the framework of Rule 203.26 to guide her determination. (AR 52.)

The ALJ had present at the hearing VE expert Edward Bennett but did not rely on his testimony for the step five determination in the decision. The ALJ's hypothetical included Plaintiff's RFC limitations and the additional limitation of only occasional public contact. (AR 91-93.) The VE with those limitations testified that there was no work Plaintiff could perform. (AR 93.) The ALJ never did pose a hypothetical to the VE with only the exact limitations in the RFC.

Instead, the ALJ in her decision relied on a Medical/Vocational Decision Guide form filled out by someone at DDS. (AR 203-05.) The form was prepared early in the administrative process but appears to be based on the limitations subsequently adopted by the ALJ in her RFC. The form uses Vocational Rule 203.27 as a guide (not Rule 203.26) and finds that Plaintiff can perform three unskilled medium exertion jobs, including laundry worker, drier operator and cotton machine operator. (AR 205.) The ALJ did not mark the box for loss of major use of upper extremity, which includes the jobs of school bus monitor, barker and host-hostess. (AR 205.)

In her decision, the ALJ does not adopt the DDS analysis on the form or use Rule 203.27 as a guide or rely on the jobs identified by DDS. The ALJ states only that the State Agency concluded that the claimant could perform other jobs such as school monitor, barker and host-hostess, which is not correct as those are not the jobs chosen by the DDS. (AR 51.)

### C. Analysis

The ALJ can meet the Commissioner's step five burden either by: (1) applying the grids, or (2) taking the testimony of a vocational expert. Tackett, 180 F.3d at 1099, 1101; Desrosiers, 846 F.2d at 578; Polny v. Bowen, 864 F.2d 661, 663 (9th Cir. 1988). Because the ALJ found that Plaintiff could not perform the full range of medium work, the ALJ could not and did not rely on the grids to reach a disability determination. (AR 51.) Nor did the ALJ rely on the testimony of a vocational expert. This was error, resulting in the ALJ's step five finding being unsupported by substantial evidence.

The ALJ had a vocational expert at the hearing but never posed a hypothetical containing only the limitations contained in the RFC. The ALJ decision plainly does not rely on Mr. Bennett's testimony.

Instead, the ALJ purportedly relied on the DDS Medical/Vocational Decision Guide form prepared by an unknown person who did not sign it. The Commissioner describes the person who filled out the form as a "vocational specialist" (JS 8:3) but this supposition, however likely, is speculation. Additionally, the ALJ did not rely on the analysis contained in the form which uses another Vocational Rule than the one used by the ALJ as a decision guide. Nor did the ALJ rely on the jobs specified in the form.

Put simply, the ALJ did not rely on the DDS form or a vocational expert or specialist but rather made her own decision. The decision may well be correct but the ALJ did not take, or rely on, the testimony of a vocational expert as required by law. Neither Ninth Circuit authority nor Social Security regulations authorize or permit an ALJ to make a step five decision without testimony from a vocational expert which the ALJ is not, when the grids are not determinative. The Court cannot ignore the ALJ's obvious failure to follow applicable law.

Plaintiff also observes that the ALJ does not identify the number of jobs available for each occupation. The Commissioner responds that the decision guide states that "[t]hese jobs exist in significant numbers in the national/regional economy." (AR 205.) This statement in the decision guide is boilerplate language that could be used where the grids apply when a claimant can perform the full range of medium work. The statement applies before

consideration of nonexertional limitations which would affect the number of suitable jobs available. Thus, the testimony of a vocational expert was necessary.

The ALJ (AR 52) and Commissioner both argue that the three listed jobs can be performed with loss of major use of an upper extremity and that there is no evidence that Claimant's upper extremity impairment is that severe. Even so, this argument does not account for Plaintiff's other RFC limitation of only occasional left hand fingering or handling or reaching. The Court also is concerned that, even though the ALJ found Claimant's mental health impairment of bipolar disorder to be severe (AR 44, 50), the RFC reflects no limitations in social functioning or otherwise due to that impairment. The VE testified that there was no work Plaintiff could do if there was a limitation to "only occasional public contact." (AR 93.) All three listed jobs involve substantial public contact. DOT 372.667-042, 342.657-010 and 349.667-014.

The ALJ failed to obtain the testimony of a vocational expert as required by Social Security Rulings and Ninth Circuit law when the grids are not determinative. The ALJ's step five determination that there are a substantial number of jobs in the national economy that Plaintiff can perform is not supported by substantial evidence. The ALJ's non-disability determination is not supported by substantial evidence nor free of legal error.

**ORDER**

IT IS HEREBY ORDERED that the decision of the Commissioner of Social Security is REVERSED and REMANDED in accordance with this Memorandum Opinion and Order and with law.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: November 16, 2012                  /s/ John E. McDermott
                                        JOHN E. MCDERMOTT
                                        UNITED STATES MAGISTRATE JUDGE